STEPHANIE FORMAN, ESQ.; STATE BAR NO.: 195757
ANDREA BREUER, ESQ.; STATE BAR NO.: 161819

**THARPE & HOWELL, LLP**
**15250 Ventura Boulevard, Ninth Floor**
**Sherman Oaks, California 91403**
**(818) 205-9955; (818) 205-9944 fax**
E-Mail: sforman@tharpe-howell.com
E-Mail: abreuer@tharpe-howell.com

Attorneys for Defendant,
LOWE'S HOME CENTERS, LLC (DOE 1)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MCAVOY, JOANNA MCAVOY,<br><br>Plaintiffs,<br><br>v.<br><br>LOWE'S COMPANIES, INC.; and DOES 1-100, inclusive<br><br>Defendants. | Case No.:<br>[*Los Angeles County Superior Court Case No.: 22AVCV00034*]<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(B) (DIVERSITY)**<br><br>Complaint Filed: January 19, 2022 |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §1332 and §1441(b), Defendant LOWE'S HOME CENTERS, LLC ("Defendant"), contemporaneously with the filing of this notice, is effecting the removal of the below referenced action from the Superior Court of the State of California for the County of Los Angeles, to the United States District Court, Central District of California. The removal is based, specifically, on the following grounds.

///

///

///

///

- 1 -
**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(B) (DIVERSITY)**

## JURISDICTION AND VENUE ARE PROPER

1. This is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below. 28 U.S.C. §§ 1332, 1441(a), and 1146(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c), 1391 and 1446.

## PLEADINGS, PROCESS AND ORDERS

3. On January 19, 2022, Plaintiffs JAMES MCAVOY and JOANNA MCAVOY commenced the above-entitled civil action in the Superior Court for the County of Los Angeles by filing a Complaint therein entitled *James Mcavoy and Joanna Mcavoy v. Lowe's Companies, Inc.,* Case No. 22AVCV00034. True and correct copies of the Summons, Complaint, Civil Case Cover Sheet, and Notice of Case Assignment, which were filed in this matter, are attached and incorporated by reference collectively as **Exhibit "A."**

4. On February 14, 2022, an Amendment to Complaint was filed by Plaintiffs, naming Lowe's Home Centers, LLC as the correct defendant. True and correct copy of the Amendment to Complaint is attached hereto as **Exhibit "B."**

5. On February 25, 2022, Defendant Lowe's Home Centers, LLC filed its Answer to Plaintiffs' Complaint, Demand for Jury Trial and Notice of Posting Jury Fees. True and correct copies of Defendant LOWE'S HOME CENTERS, LLC's Answer to Complaint, Demand for Jury Trial and Notice of Posting Jury Fees are collectively attached hereto as **Exhibit "C."**

6. On February 25, 2022, Plaintiffs filed a Request for Dismissal as to defendant Lowe's Companies, Inc. A true and correct copy of the conformed Request for Dismissal is attached hereto as **Exhibit "D."**

7. The following documents are on file with the Los Angeles Superior Court, although they were not served on Defendant LOWE'S HOME CENTERS, LLC:

    a. Order on Court Fee Waiver (as to Joanna Mcavoy), filed January 20, 2022, a true and correct copy of which is attached hereto as **Exhibit "E."**

    b. Order on Court Fee Waiver (as to James Mcavoy), filed January 20, 2022, a true and correct copy of which is attached hereto as **Exhibit "F."**

    c. Notice of Case Reassignment and Order for Plaintiff to Give Notice, filed January 27, 2022, a true and correct copy of which is attached hereto as **Exhibit "G."**

8. The attached exhibits constitute all process, pleadings and orders served upon Defendant LOWE'S HOME CENTERS, LLC or on file with the Superior Court in this matter.

## DIVERSITY

### A. Citizenship

9. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. This action is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441(b), as the action is between citizens of different states.

10. Plaintiffs were, at the time of the filing of this action, and presently remain, domiciled in the State of California and are therefore citizens of the State of California.

11. Defendant LOWE'S HOME CENTERS, LLC is a limited liability company. The citizenship of a limited liability company, for purposes of diversity jurisdiction, is the citizenship of its members. *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Defendant Lowe's Home Centers, LLC is a manager-managed

limited liability company with its only member being Lowe's Companies, Inc. Lowe's Companies, Inc. is a publicly traded North Carolina corporation with its principal place of business in North Carolina. Accordingly, LOWE'S HOME CENTERS, LLC is a citizen of the State of North Carolina.

12. Therefore, complete diversity of citizenship exists as between Plaintiffs and Defendant.

### C. Fictitious Does

13. Defendants DOES 1 to 100, inclusive, are wholly fictitious. The Complaint does not set forth the identity or status of any said fictitious defendants. In determining whether a civil action is removable on the basis of jurisdiction under section 1332(a), the citizenship of defendants sued under fictitious names shall be disregarded. 28 U.S.C §. 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998). Accordingly, the mere fact that the Complaint makes reference to fictitious defendants does not destroy diversity jurisdiction and does not preclude this action from being properly removed to this Court.

## AMOUNT IN CONTROVERSY

14. Plaintiffs' Complaint sets forth causes of action for negligence, premises liability, and loss of consortium. *See*, **Exhibit "A."** Plaintiffs allege that on March 27, 2020, Plaintiff James Mcavoy was on the premises of Defendant's retail store for the purpose of purchasing goods. Plaintiff James Mcavoy contends he tripped on the forks of a forklift and fell to the ground, causing him to sustain injuries and damages. Plaintiff Joanna Mcavoy is claiming loss of consortium. Although Plaintiffs were prohibited from stating a specific amount demanded in their Complaint, Defendant has been able to ascertain through "other paper" that the amount in controversy exceeds $75,000.00.[1]

///

---

[1] California Law prohibits personal injury plaintiffs from stating a specific amount of damages sought in the complaint. *See*, *Cal. Code Civ. Proc.* § 425.10.

- 4 -
**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY)**

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

15. Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a "preponderance of the evidence" facts that support an inference that the amount in controversy exceeds the statutory minimum. *Singer v. State Farm Mut. Auto Ins. Co.,* 116 F.3d 373, 376 (9th Cir. 1996); *see*, *McPhail v. Deere and Company*, 529 F.3d 947, 955 (10th Cir. 2008) ("It is only the jurisdictional facts that must be proven by a preponderance – not the legal conclusion that the statutory threshold amount is in controversy."). This standard is not a "daunting" one, as courts recognize that unlike the "legal certainty test" applicable where the complaint does allege a specific amount in damages, the removing defendant is not obligated to "research, state, and prove the plaintiff's claim for damages." *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994); *see also*, *Korn v. Polo Ralph Lauren Corp.,* 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008).

16. A defendant must merely set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum. A defendant must establish jurisdiction by proving jurisdictional facts, i.e., proof of what the plaintiff is seeking to recover. *McPhail*, 529 F.3d at 954-55. "Once the facts have been established, uncertainty about whether the plaintiff can prove [h]is substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal." *Meridian Secs. Ins. Co. v. Sadowski*, 441 F.3d 540, 543 (7th Cir. 2006); *see also*, *McPhail*, 529 F.3d at 954 (once underlying jurisdictional facts are proven, "a defendant (like a plaintiff) is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake").

17. On March 14, 2022, Plaintiffs served on Defendant LOWE'S HOME CENTERS, LLC their respective Statements of Damages under California Code of Civil Procedure § 452.11. The Statement of Damages for each Plaintiff establishes that the amount in controversy in this litigation exceeds the $75,000 statutory minimum. True and correct copies of Plaintiffs' Statements of Damages are attached hereto collectively as **Exhibit "H."**

18. Plaintiff James Mcavoy's Statement of Damages alleges that he is seeking in excess of $75,000 in past and future medical expenses, among other damages. *Ibid*. Plaintiff Joanna Mcavoy's Statement of Damages alleges that she is seeking in excess of $75,000 in damages for loss of consortium. *Ibid*. Thus, the amount in controversy exceeds the $75,000 statutory minimum and federal jurisdiction is proper.

19. 28 USC § 1446(b)(3) provides that, where the case stated by the initial pleading is not removable, a notice of removal can be filed within thirty (30) days after receipt by the defendant, through service or otherwise, of an amended pleading, motion, order "or other paper" from which it may first be ascertained that the case is one which is or has become removable. A statement of damages under California Code of Civil Procedure section 425.11, is a written statement setting forth the nature and amount of damages being sought, and constitutes "other paper" under section 1446(b)(3). See *Hanson v. Equilon Enterprises LLC* (N.D.Cal. 2014) 2014 U.S. Dist. LEXIS 110795, *9 (finding statement of damages served on defendant by plaintiffs constituted "other paper").

20. The test for whether the amount in controversy is satisfied is whether there is a "reasonable probability" that the claim exceeds $75,000. *Scherer v. The Equitable Life Assurance Society of the U.S.*, 347 F.3d 394, 397 (2d. Cir. 2003). The Ninth Circuit has adopted the "either-viewpoint rule," meaning that the amount in controversy requirement is satisfied if (1) Plaintiff seeks to recover more than $75,000.00 or (2) the recovery Plaintiff seeks will cost the defendant more than the jurisdictional threshold. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 405 (9th Cir. 1996).

21. Plaintiffs' Statements of Damages constitutes "other paper" and satisfies the amount in controversy requirement. Therefore, federal jurisdiction is proper.

///

///

## TIMELINESS OF REMOVAL

22. This Notice of Removal is timely filed in that it has been filed within thirty (30) days after receipt by Defendant LOWE'S HOME CENTERS, LLC, of the Plaintiffs' Statements of Damages, served on March 14, 2022, which first indicated that the matter is removable. 28 U.S.C. § 1446(b)(1).

23. Further, the instant removal is made within one year of the filing of the Complaint. As noted above, Plaintiffs filed their Complaint on January 19, 2022.

24. For the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441(b).

Dated: April 11, 2022

THARPE & HOWELL, LLP

By: _____
STEPHANIE FORMAN
ANDREA BREUER
Attorneys for Defendant,
LOWE'S HOME CENTERS, LLC
(DOE 1)

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY)**

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221