# EXHIBIT "A"

Case 2:22-cv-02417-SVW-RAO   Document 1-1   Filed 04/11/22   Page 2 of 17   Page ID #:9

Electronically FILED by Superior Court of California, County of Los Angeles on 01/19/2022 11:11 AM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Rojas, Deputy Clerk

22AVCV00034

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Lowes Companies, Inc., and DOES 1-100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

James Mcavoy, Joanna Mcavoy,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Michael Antonovich Courthouse
42011 4th Street West, Lancaster, CA 93534

CASE NUMBER:
*(Número del Caso):*
22AVCV00034

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Paul Aghabala, Esq. 15250 Ventura Blvd., Suite 500, Sherman Oaks, CA 91403 818-788-0808

DATE: 01/19/2022          Sherri R. Carter Executive Officer / Clerk of Court
*(Fecha)*                 Clerk, by      M. Rojas                    , Deputy
                          *(Secretario)*                              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **Lowes Companies, Inc.**

   under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Electronically FILED by Superior Court of California, County of Los Angeles on 01/19/2022 11:14 AM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Rojas,Deputy Clerk
22AVCV00034
Assigned for all purposes to: Michael Antonovich Antelope Valley Courthouse, Judicial Officer: Wendy Chang

Paul Aghabala, Esq. (SBN 223585)
Prestige Law Firm, P.C
15250 Ventura Blvd., Suite 500
Sherman Oaks, CA 91403
Telephone: (818) 788-0808
Facsimile: (818) 788-0809

Attorneys for Plaintiffs,
James Mcavoy, Joanna Mcavoy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
# FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| JAMES MCAVOY, JOANNA MCAVOY, <br><br> Plaintiffs, <br><br> vs. <br><br> LOWES COMPANIES, INC.; and DOES 1-100, inclusive, <br><br> Defendants. | Case No. 22AVCV00034 <br><br> **COMPLAINT** <br><br> 1. General Negligence <br> 2. Premises Liability <br> 3. Loss of Consortium <br><br> FSC: 03/15/2023 <br> TRIAL: 03/24/2023 <br> OSC: 01/20/2025 |

COMES NOW, Plaintiffs, James Mcavoy, Joanna Mcavoy, who alleges against each and every Defendant named above as follows:

## PRELIMINARY ALLEGATIONS

1. James Mcavoy and Joanna Mcavoy ("hereinafter "Plaintiffs") at all relevant times lived in County of Los Angles.

2. Plaintiffs are informed and believe and thereon allege that at all times herein mentioned, Defendants' acts occurred in the county of Los Angeles, State of California.

3. Plaintiffs are ignorant of the true names and the capacities of Defendants sued herein as DOES 1 through DOES 100, inclusive, and therefore sues these Defendants by such

fictitious names. Plaintiffs ask leave from this court to amend this complaint to allege the true names and capacities when so ascertained.

4. Plaintiffs are informed, believe and thereon allege that at all times herein mentioned, Defendants, whether specifically identified or designated herein as a DOE, and each of them, were the agents, employees, servants, partners, joint venturers and participants with all other Defendants, and with each other, and in doing the things hereinafter mentioned, were agents, employees, servants, partners, joint venturers, and with the consent and permission of the co-Defendants, and each of them.

5. Plaintiffs are informed and believe and thereon alleges that the Lowes Store located at 37080 47th Street E, Palmdale, CA 93552 is owned, managed, and maintained by Defendants and Does 1 to 100.

6. Plaintiffs are informed and believe that Lowes Companies, Inc. was doing business as Lowes Home Improvement store and a California corporation licensed by the State of California to conduct business in the County of Los Angeles, California.

7. Plaintiffs are informed and believe and thereon alleges that acts and omissions occurred at the Lowes Store located at 37080 47th Street E, Palmdale, CA 93552 (hereinafter referred to as "PREMISES").

## JURISDICTION AND VENUE

8. Pursuant to Article VI, Section 10 of the California Constitution, subject matter jurisdiction is proper in the Superior Court of California for the County of Los Angeles.

9. Pursuant to Section 395 of the California *Code of Civil Procedure*, venue is proper in the Superior Court of California for the County of Los Angeles.

10. The allegations contained in Plaintiff's complaint relate to incidents that occurred in the Los Angeles County and hence this court is the proper venue for this lawsuit.

## FACTUAL ALLEGATIONS

11. On or about March 27, 2020, Plaintiff, James Mcavoy was a customer shopping at defendant's store.

-2-
COMPLAINT

12. As plaintiff was walking near a forklift at the Lowes Store he came into contact with a dangerous condition that existed at the store.

13. As a result of this incident, Plaintiff has sustained severe physical and emotional injuries, for which he has sought treatment, and continues to seek treatment.

14. Plaintiff is informed and believes that a dangerous condition existed and caused injury to plaintiff and that Defendants knew or through the practice of reasonable care should have known about the dangers of the forklift but failed to take any necessary precautions.

## FIRST CAUSE OF ACTION
## GENERAL NEGLIGENCE
### (As to all Defendants)

15. The Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 14 this complaint, inclusive.

16. Defendants, and each of them, had a duty to maintain the PREMISES and to take reasonable steps to maintain, prevent, warn or to correct a dangerous condition on the PREMISES and to make it safe for Plaintiff and for other persons visiting the premises.

17. At said time and place, Defendants, and each of them, breached their duty to Plaintiff when they negligently, carelessly, recklessly and unlawfully maintained the above-mentioned forklift and forks and the PREMISES and failed to take reasonable steps to maintain, prevent, warn or to correct a dangerous condition on the PREMISES to make it safe for Plaintiff and for other persons visiting the PREMISES.

18. At the aforementioned date, time and place, Plaintiff was a customer shopping at defendant's store. As a direct and proximate result of the aforementioned negligence, carelessness, recklessness, and unlawfulness of Defendants, and each of them, allowed customers at their store to walk near the forklift creating a dangerous condition to exist and cause immediate severe physical and mental injuries.

19. As a direct and proximate result of the negligence, carelessness, recklessness, wantonness and unlawfulness of Defendants, and each of them, and the resulting incident, as aforesaid,

Plaintiff, sustained severe and serious injury to his person, all to Plaintiff's damages in a sum within the jurisdiction of this Court and to be shown according to proof.

20. By reason of the foregoing, this Plaintiff has been required to employ the services of hospitals, physicians, surgeons, nurses, psychologists and other professional services and Plaintiff has been compelled to incur expenses for medicines, x-rays, and other medical supplies and services. Plaintiff is informed and believes, and thereon alleges, that further services of said nature will be required by Plaintiff in an amount to be shown according to proof.

## SECOND CAUSE OF ACTION
## PREMISES LIABILITY
### (As to all Defendants)

21. The Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 20 of the complaint, inclusive.

22. At all times relevant herein, Plaintiff was a customer at the PREMISES. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, own, maintain and control the PREMISES.

23. At said time and place, Defendants, and each of them, negligently, carelessly, recklessly and unlawfully maintained the PREMISES and failed to take reasonable steps to maintain, prevent, warn or to correct a dangerous condition on its premises to make it safe for Plaintiff and for other persons coming onto the premises.

24. At the aforementioned date, time and place, Plaintiff was a customer shopping at defendant's store. As a direct and proximate result of the aforementioned negligence, carelessness, recklessness, and unlawfulness of Defendants, and each of them, allowed customers at their store to walk near the dangerous condition that existed at the forklift and forks resulting in immediate severe physical and mental injuries.

25. As a direct and proximate result of the negligence, carelessness, recklessness, wantonness and unlawfulness of Defendants, and each of them, and the resulting situation, as aforesaid,

-4-
COMPLAINT

Plaintiff, sustained severe and serious injury to her person, all to Plaintiff's damage in a sum within the jurisdiction of this Court and to be shown according to proof.

26. By reason of the foregoing, this Plaintiff has been required to employ the services of hospitals, physicians, surgeons, nurses, psychologists and other professional services and Plaintiff has been compelled to incur expenses for medicines, x-rays, and other medical supplies and services. Plaintiff is informed and believes, and thereon alleges, that further services of said nature will be required by Plaintiff in an amount to be shown according to proof.

### THIRD CAUSE OF ACTION
### LOSS OF CONSORTIUM
### (As to all Defendants)

Plaintiff, Joanna Mcavoy, complains and for causes of action alleges against all of the defendants as follows:

27. Plaintiff, Joanna Mcavoy, is an individual and is now, and at all times mentioned in this complaint was, a resident in the County of Los Angeles, CA.

28. Defendant, Lowes Companies, Inc., and DOES 1-100, are individuals who are now, and at all times mentioned in the complaint were doing business in the County of Los Angeles, California.

29. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to plaintiff at this time. Plaintiff sues those defendants by such fictitious names pursuant to Code of Civil Procedure and will amend this complaint to show their true names and capacities when they have been ascertained. Plaintiff is informed and believes, and based on that information and belief alleges, that each of the defendants designated as a DOE is negligently or otherwise legally responsible for the events and happenings referred to in this complaint, and negligently or otherwise unlawfully caused the injuries and damages to plaintiff alleged in this complaint.

30. Plaintiff is informed and believes, and based on that information and belief alleges, that at all times mentioned in this complaint, defendants were the agents and employees of their

co-defendants, and in doing the things alleged in this complaint were acting within the course and scope of such agency and employment.

31. On March 27, 2020, and at all times mentioned in this complaint, James Mcavoy and Joanna Mcavoy were married.

32. On March 27, 2020, Defendants and each of them owed a duty of reasonable care to not to cause any injury to Plaintiff's spouse.

33. On March 27, 2020, Plaintiff's spouse, James Mcavoy was injured physically and mentally when plaintiff fell at defendant's property in the County of Los Angeles, CA.

34. As a direct and proximate result of defendant's negligent conduct, James Mcavoy, suffered severe physical and emotional injuries.

35. Before suffering these injuries, Plaintiff's spouse, James Mcavoy was able to and did perform all the duties of a husband and did perform all these duties, including assisting in maintaining the home, and providing love, companionship, affection, society, moral support, and solace to plaintiff.

36. As a direct and proximate result of the injuries, plaintiff's spouse, James Mcavoy, has been unable to perform the duties of a husband in that she can no longer assist with housework, participate in family, recreational, or social activities with plaintiff, or contribute to the household income. Due to the nature of the injuries sustained by plaintiff's spouse and the severe physical and psychological strains they cause him, plaintiff's spouse is no longer able to provide plaintiff with love, companionship, affection, society, moral support, and solace. Because of these injuries, plaintiff's spouse will be unable to perform these duties in the future. Plaintiff is therefore deprived and will be permanently deprived of his spouse's consortium, all to plaintiff's damage, in a total amount to be established by proof at trial.

///
///
///

**WHEREFORE** Plaintiffs, James Mcavoy and Joanna Mcavoy, pray for judgment against the Defendants, and each of them as follows:

A. General and Special damages in a sum according to proof;

B. Sums incurred and to be incurred for services of hospitals, physicians, surgeons, nurses and other medical supplies and services;

C. Loss of income incurred and to be incurred according to proof;

D. For the interest provided by law including, but not limited to, California *Civil Code* §3291; and

E. Costs of suit and for such other and further relief as the court deems proper.

F. Any additional relief the court finds just and proper.

Date: January 12, 2022          PRESTIGE LAW

*Paul Aghabala*

PAUL AGHABALA, ESQ.
Attorney for
Plaintiffs, James Mcavoy, Joanna Mcavoy

Electronically FILED by Superior Court of California, County of Los Angeles on 01/19/2022 11:19 AM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Rojas, Deputy Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Paul Aghabala, Esq. (SBN 223585)<br>Prestige Law Firm, P.C.<br>15250 Ventura Blvd., Suite 500<br>Sherman Oaks, CA 91403<br>TELEPHONE NO.: (818)788-0808  FAX NO.: (818)788-0809<br>ATTORNEY FOR *(Name)*: Plaintiffs, James Mcavoy, Joanna Mcavoy | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 42011 4th Street West
MAILING ADDRESS:
CITY AND ZIP CODE: Lancaster, CA 93534
BRANCH NAME: Michael Antonovich Courthouse

CASE NAME: Mcavoy v. Lowes Companies, Inc. et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 22AVCV00034 |
|---|---|---|
| ☑ Unlimited ☐ Limited<br>(Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☑ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify)*: 3
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 1/11/22

Paul Aghabala, Esq.
(TYPE OR PRINT NAME)    ▶   *Paul Aghabala* (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
 Auto (22)–Personal Injury/Property Damage/Wrongful Death
 Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
 Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
 Product Liability *(not asbestos or toxic/environmental)* (24)
 Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
 Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business Practice (07)
 Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
 Defamation (e.g., slander, libel) (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
 Other Non-PI/PD/WD Tort (35)

**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
 Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
 Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
 Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
 Eminent Domain/Inverse Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
 Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
 Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
 Partnership and Corporate Governance (21)
 Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]          **CIVIL CASE COVER SHEET**          Page 2 of 2

| SHORT TITLE: Mcavoy v. Lowes Companies, Inc. et al. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☒ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: Mcavoy v. Lowes Companies, Inc. et al. | | CASE NUMBER | |
|---|---|---|---|
| **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | | **C** Applicable Reasons - See Step 3 Above |

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation    Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032 Quiet Title | 2, 6 |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: Mcavoy v. Lowes Companies, Inc. et al. | | CASE NUMBER | |
|---|---|---|---|
| **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | | **C** Applicable Reasons - See Step 3 Above |

| | A | B | C |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160 Abstract of Judgment | 2, 6 |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment | 2, 3, 9 |
| | | ☐ A6123 Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190 Election Contest | 2 |
| | | ☐ A6110 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100 Other Civil Petition | 2, 9 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: Mcavoy v. Lowes Companies, Inc. et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: <br> ☐ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☒ 11. | ADDRESS: <br> 37080 47th Street E |
|---|---|
| CITY: Palmdale | STATE: CA | ZIP CODE: 93552 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the __North__ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 1/12/21

_Paul Ayhubuda_
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).
5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Michael Antonovich Antelope Valley Courthouse<br>42011 4th Street West, Lancaster, CA 93534 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>01/19/2022<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____M. Rojas_____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>22AVCV00034 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✓ | Wendy Chang | A15 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    Sherri R. Carter, Executive Officer / Clerk of Court

on  01/20/2022
    (Date)                                                     By  M. Rojas                          , Deputy Clerk

LACIV 190 (Rev 6/18)        **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

## APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

## COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

## CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

## STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

## SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

LACIV 190 (Rev 6/18)  **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06