## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:22-cv-02417-SVW-RAO | Date | June 9, 2022 |
|---|---|---|---|
| Title | *James Macvoy et al v. Lowe's Home Centers LLC et al.* | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| N/A | N/A |

**Proceedings:**       **ORDER DENYING MOTION TO REMAND [18]**

Before the Court is Plaintiffs' motion to remand.  *See* Mot. to Remand, ECF No. 18.   For the below reasons, the motion to remand is DENIED.

### I.      Background

On January 19, 2022, Plaintiffs James and Joanna Mcavoy brought this personal injury action against Lowe's Companies, Inc. ("LCI") and Does 1 through 100 in California state court.  *See* Compl. ¶¶ 1–7, Ex. A to Notice of Removal ("NOR"), ECF No. 1-1. Plaintiffs alleged that while in a Lowe's store in Palmdale, California, James Mcavoy was walking near a forklift and "came into contact with a dangerous condition that existed at the store" and sustained injuries. *Id.* ¶¶ 7, 11-14. Plaintiffs brought state law causes of action for negligence, premises liability, and loss of consortium. *Id.* ¶¶ 15-36.

On February 14, 2022, Plaintiffs filed an amendment substituting Lowe's Home Centers, LLC ("LHC") for the Defendant previously sued under the fictitious name "Doe 1."  *See* NOR, Ex. B, ECF No. 1-2. Shortly thereafter, on February 25, 2022, Plaintiffs dismissed LCI.  *See* NOR, Ex. D, ECF No. 1-4. On April 11, 2022, Defendant LHC removed the action to this Court. *See* NOR, ECF No. 1. Plaintiff now brings the instant motion to remand.

### II.      Legal Standard

Federal courts operate under the presumption that they do not have jurisdiction over state-law causes of action. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). As the party invoking the Court's jurisdiction, a defendant seeking removal bears the burden of showing that there is jurisdiction over the action. *See Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018).

_____ : _____

Initials of Preparer

PMC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | 2:22-cv-02417-SVW-RAO | | Date | June 9, 2022 |
|---|---|---|---|---|
| Title | *James Macvoy et al v. Lowe's Home Centers LLC et al.* | | | |

Under the general removal statute, a suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over it. 28 U.S.C. § 1441(a). The original diversity jurisdiction of federal courts requires complete diversity of the parties and an amount in controversy that exceeds $75,000. 28 U.S.C. § 1332(a); *Strawbridge v. Curtiss*, 7 US (3 Cranch) 267 (1806).

### III.   Removal Was Timely Because the Notice of Removal Was Filed Within Thirty Days from when Removal Was Ascertainable.

In general, a defendant must file their notice of removal within 30 days of being served with the complaint. 28 U.S.C. § 1446(b)(1). However, if it is not evident that the case is removable from the initial complaint, a defendant may still remove after that initial period, so long as they do so within 30 days of being served with the amended pleading, motion or other paper "from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3).

Plaintiffs assert that removal was untimely because LHC's notice of removal was not filed within thirty days of the initial service of the state court Summons and Complaint which was filed on January 19, 2022, and served on LCI February 3, 2022.   *See* Mot. to Remand at 11:10-12.   Accordingly, Plaintiffs implicitly argue it strains credulity to believe that Defendants could not ascertain the basis for removal by applying "a reasonable amount of intelligence" to Plaintiffs' complaint.   *See id.*; *see also Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (defendants required to "apply a reasonable amount of intelligence in ascertaining removability").

The Court rejects Plaintiffs' argument.   In the Ninth Circuit, courts apply a "bright-line approach" under which the thirty-day period is triggered "only if removability is ascertainable from examination of the four corners of the applicable pleadings[.]"   *Carvalho v. Equifax Info. Servs.*, LLC, 629 F.3d 876, 886 (9th Cir. 2010) (quotations omitted).   The Ninth Circuit adopted this approach "to avoid the spectre of inevitable collateral litigation over whether defendant had subjective knowledge, or whether defendant conducted sufficient inquiry."   *Id.* (cleaned up).

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | 2:22-cv-02417-SVW-RAO | | Date | June 9, 2022 |
|---|---|---|---|---|

| Title | *James Macvoy et al v. Lowe's Home Centers LLC et al.* |
|---|---|

Here, the complaint does not contain any clues to notify Defendants that the amount in controversy exceeded $75,000. *See* Compl. A conclusion that Defendants could have ascertained removability from the complaint would require an inquiry into whether Defendants subjectively knew that the amount in controversy exceeded $75,000 and whether defendants investigated that possibility. Thus, "the four corners" of the complaint do not provide a basis for removal. *Carvalho*, 629 F.3d at 886.

Accordingly, even considering the requirement that Defendants must apply a "reasonable amount of intelligence" to the applicable pleadings, *Kuxhausen*, 707 F.3d at 1140, the Court finds that removal was not ascertainable on the basis of the complaint.

In addition, Plaintiffs fail to recognize the time to remove is measured for each defendant individually. The summons was not directed to removing Defendant LHC, but to LCI, and the summons was served on LCI rather than LHC. *See* Summons, Ex. A to Not. Removal, ECF No. 1-1. However, service on LCI—a separate corporate entity—is irrelevant for the purpose of determining whether LHC's filing of the notice of removal was timely. 28 U.S.C. § 1446(b)(2)(B) ("[e]ach defendant shall have 30 days after receipt by or service on that defendant"). Even if LCI and LHC are related entities, LHC's removal period would not begin until LHC was formally served with compulsory process or otherwise became subject to the state court's jurisdiction. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (finding the receipt of a faxed copy of the complaint did not trigger the removal period without formal service).

Consequently, the Court must determine when removal was ascertainable by LHC. The first notice that the amount in controversy exceeded $75,000—and therefore original federal diversity jurisdiction existed—arrived on March 14, 2022, when LHC received Plaintiffs' Statements of Damages, which estimated that Plaintiff's past medical bills alone were $56,000, plus estimated future medical expenses of $500,000. *See* NOR, Ex. H, ECF No. 1-8. Thus, LHC's removal period started to run on March 14, 2022, when it was served with "other paper" from which it could be ascertained that the case was one which had become removable. 28 U.S.C. § 1446(b)(3). As used in Section 1446(b)(3), "other paper" includes information in the record of the state proceeding or in responses to discovery. 28 U.S.C. § 1446(c)(3)(A); *see also Hanson v. Equilon Enterprises LLC*, 2014 U.S. Dist. LEXIS 110795, at *9 (N.D. Cal. 2014) (holding the statement of damages served on defendant by plaintiffs constituted "other paper").

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | 2:22-cv-02417-SVW-RAO | Date | June 9, 2022 |
|---|---|---|---|
| Title | *James Macvoy et al v. Lowe's Home Centers LLC et al.* | | |

Thus, LHC had 30 days from March 14, 2022, in which to remove.   LHC filed its notice of removal 28 days later, on April 11, 2022.   *See* NOR.[1]     Accordingly, the removal was timely.

**IV.   There Is Complete Diversity of Citizenship Between Plaintiffs and Defendants.**

**A.   Plaintiffs Are California Citizens and LCI Is a North Carolina Citizen.**

Defendants removed the action to this Court on the basis of diversity jurisdiction.   *See* ECF No. 1; 28 U.S.C. § 1332, § 1441(b).   Plaintiffs are citizens of the state of California.   *See* Mot. to Remand at 8:26. Plaintiffs argue that LHC is a citizen of California, noting that a corporation is a citizen of each state of incorporation and alleging that LHC was "incorporated in the state of California commencing [in] 2013."   *Id.* at 8:26-9:8.   Thus, Plaintiffs contend the parties are not completely diverse.   *Id.*

However, Plaintiffs fail to distinguish between being incorporated in California and simply registering with the Secretary of State and being authorized to conduct business in California.   And, as will be discussed below, LHC is a limited liability company, not a corporation.

The Ninth Circuit treats limited liability companies like partnerships for the purpose of diversity jurisdiction.   *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).   Thus, "an LLC is a citizen of every state of which its owners/members are citizens."   *Id.*; *Carper v. Trib. Media*, No. CV1504259MMMSSX, 2015 WL 5636922, at *3 (C.D. Cal. Sept. 28, 2015).

A corporation, in turn, is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."   28 U.S.C. § 1332(c)(1).   A corporation's principal place of business is its "nerve center" – typically its corporate headquarters – where its senior officers "direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend,* 559 U.S. 77, 92-93 (2010).

Thus, when a corporation is a member of an LLC, the citizenship of the LLC will include each state of which the corporation is a citizen.   *See Johnson*, 437 F.3d at 899; *see also Buschman v. Anesthesia Bus. Consultants LLC*, 42 F.Supp.3d 1244, 1248 (N.D. Cal. 2014).   An LLC's principal place of business or state of organization is irrelevant to the analysis.   *Id.*; *Carper*, 2015 WL 5636922 at *3.

---

[1] This was also within a year of the filing of the original state court complaint, as required by § 1446(c)(1).

Initials of Preparer : _____

PMC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | 2:22-cv-02417-SVW-RAO | Date | June 9, 2022 |
|---|---|---|---|

| Title | *James Macvoy et al v. Lowe's Home Centers LLC et al.* |
|---|---|

Here, Defendant LHC is a manager-managed limited liability company whose sole member is LCI. *See* Breuer Decl. ¶ 4, ECF No. 21-3. LCI is a North Carolina corporation with its principal place of business in North Carolina. *See id.* ¶ 8; *id.*, Ex. F; Spencer Decl. ¶ 6, ECF No. 21-2; *see also Cuevas v. Lowe's Home Centers, LLC*, 2020 U.S. Dist. LEXIS 206629, at *6-8 (C.D. Cal. 2020) (finding LCI was incorporated in North Carolina and has its principal place of business in North Carolina); *Calderon v. Lowe's Home Centers, LLC*, 2015 U.S. Dist. LEXIS 82278, at *2 (C.D. Cal. 2015) (same); *Meza v. Lowe's Home Centers, LLC*, 2015 U.S. Dist. LEXIS 124634, at *2 (N.D. Cal. 2015) (same). Thus, LCI is a citizen of North Carolina.

Because LCI—the sole member of LHC—is a citizen of North Carolina, LHC is also a citizen of North Carolina. *See Johnson*, 437 F.3d at 899; *see also Cuevas*, 2020 U.S. Dist. LEXIS 206629, at *6-8 (determining LHC to be a citizen of North Carolina because its sole member, LCI, is a North Carolina citizen); *Meza*, 2015 U.S. Dist. LEXIS 124634, at *2 (same). Plaintiffs are citizens of California. *See* Mot. to Remand at 8:26. Thus, there is diversity of citizenship between LHC and Plaintiffs.

Contrary to Plaintiffs' suggestion, merely registering an LLC with the Secretary of State or obtaining authorizing for an LLC to conduct business in a particular state does not make that LLC a citizen of that state for diversity jurisdiction purposes. Before transacting intrastate business in California, a foreign limited liability company—like LHC—must be registered and in good standing with the California Secretary of State. *Aoki v. Gilbert*, 2015 U.S. Dist. LEXIS 131827, at *3-4 (E.D. Cal. 2015) (citing Cal. Corp. Code §§ 2105(a), 17708.03(a)). In *Cuevas*, the Court rejected the argument that LHC is actually a California citizen because it registered with the California Secretary of State and was authorized to transact business in the state. 2020 U.S. Dist. LEXIS 206629, at *7; *see also Tanious v. Gattoni*, 533 F.Supp.3d 770, 776-777 (N.D. Cal. 2021) (finding that registration with the California Secretary of State does not make a business a citizen of California). Thus, LHC's registration with the State of California and authorization to conduct business in the state do not make LHC a citizen of California. Accordingly, diversity of citizenship is not destroyed.

### B. The Doe Defendants Do Not Destroy Complete Diversity.

Plaintiffs contend the Court should remand this action because Plaintiffs' allegations as to the Doe Defendants destroy complete diversity. *See* Mot. to Remand at 11:15-23. Specifically, Plaintiffs aver in their motion to remand that Doe defendants 1 through 100 are citizens of California, rendering the parties non-diverse. *Id.*

:
_____

Initials of Preparer
_____
PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:22-cv-02417-SVW-RAO | | Date | June 9, 2022 |
|---|---|---|---|---|
| Title | *James Macvoy et al v. Lowe's Home Centers LLC et al.* | | | |

However, there are two reasons this argument fails.   First, in deciding whether to remand a case, courts generally look at *specific* factual allegations made in the Plaintiffs' complaint and Defendants' notice of removal and other types of evidence, such as affidavits, declarations, and discovery responses. *See Gen. Dentistry For Kids, LLC v. Kool Smiles, P.C.*, 379 Fed. App'x. 634, 635-636 (9th Cir. 2010).

Here, nowhere in Plaintiffs' complaint or Defendants' notice of removal is the citizenship of any Doe Defendant specifically alleged.   Plaintiffs claim to have asserted in their complaint that the Doe defendants "were and are individuals and corporations organized and existing under the laws of the State of California."   *See* Mot. to Remand at 12:11-12.   However, this phrase does not appear in Plaintiffs' complaint – arguments in briefing are insufficient to allege citizenship for diversity purposes.

The most relevant allegations in the complaint regarding the Doe Defendants is that they "are individuals who . . . were, doing business in the County of Los Angeles, California."   *See* Compl. ¶ 28. However, conducting business in a state does not necessarily make an individual a citizen of that state for diversity jurisdiction purposes.   *See Mantin v. Broadcast Music Ins.*, 244 F.2d 204, 206 (9th Cir. 1957) (holding the allegation of complaint that plaintiff was a California resident was not an allegation that plaintiff was a California citizen, and hence did not support federal jurisdiction on the ground of diversity of citizenship); *Garcia v. Walmart, Inc.*, No. 222CV00371SVWMRW, 2022 WL 796197, at *3 (C.D. Cal. Mar. 16, 2022) (finding the allegation of complaint that "Doe 1 Manager" and "Doe 2 Employee" are California residents does not destroy diversity of citizenship).   Thus, because the citizenship of any Doe Defendant is not alleged in the complaint or notice of removal, complete diversity of citizenship is not destroyed on this basis.

And second, even if the Court considers the new allegations in Plaintiffs' motion, Plaintiffs' argument would still fail in light of the changes to the removal statute passed as part of the Judicial Improvements and Access to Justice Act. This Act amended the removal statute, 28 U.S.C. § 1441, to address "the issue of Doe defendants for purposes of diversity jurisdiction and remand."   *Goldsmith v. CVS Pharmacy, Inc.*, No. CV 20-00750-AB (JCX), 2020 WL 1650750, at *4 (C.D. Cal. Apr. 3, 2020).; *see also Gardiner Family, LLC v. Crimson Res. Mgmt. Corp.*, 147 F. Supp. 3d 1029, 1034, 1036 (E.D. Cal. 2015) (discussing the amendment and its consequences in the context of a diversity case originally filed in federal court).

Today, 28 U.S.C. § 1441(b)(1) states that, when jurisdiction is based solely on diversity, "the citizenship of defendants sued under fictitious names shall be disregarded."   *See* 28 U.S.C. § 1441(b)(1); *Johnson*, 475 F. Supp. 3d at 1083.   The Ninth Circuit has explicitly held "[t]he citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:22-cv-02417-SVW-RAO | | Date | June 9, 2022 |
|---|---|---|---|---|
| Title | *James Macvoy et al v. Lowe's Home Centers LLC et al.* | | | |

plaintiff seeks leave to substitute a named defendant."   *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002).[2]

     Pursuant to the plain language of the statute and relevant case law, this Court will not consider the citizenship of Doe defendants until Plaintiffs seek leave to substitute a named defendant.   *See id.*; *Garcia v. Walmart, Inc.*, No. 222CV00371SVWMRW, 2022 WL 796197, at \*3 (C.D. Cal. Mar. 16, 2022) (disregarding the citizenship of Doe defendants for the purpose of diversity jurisdiction and remand until the plaintiff seeks leave to substitute a named defendant); *Goldsmith*, 2020 WL 160750, at \*3 (same); *Rojas by & through Rojas v. Sea World Parks & Ent., Inc.*, 538 F. Supp. 3d 1008, 1023 (S.D. Cal. 2021) ("[N]ot only is the plain language of Section 1441(b) clear in mandating that courts should disregard the citizenship of fictitious defendants when evaluating whether diversity jurisdiction exists on a motion to remand, but the legislative history corroborates and confirms this conclusion.").

     Thus, nothing in Plaintiffs' allegations regarding the Doe Defendants destroys diversity here.

**V.     Conclusion**

     For the foregoing reasons, Plaintiffs' motion to remand is DENIED.

     **IT IS SO ORDERED.**

---

[2] The Court acknowledges that there is a divergent line of authority in which some courts have looked at the substance of the allegations regarding Doe defendants and have considered their citizenship where the allegations are "specific enough to suggest their identity, citizenship, or relationship to the action."   *Johnson v. Starbucks Corp.*, 475 F. Supp. 3d 1080, 1083 (C.D. Cal. 2020) (citing *Gardiner*, 147 F. Supp. 3d at 1036); *see also Sandoval v. Republic Servs., Inc.*, No. 18-cv-01224-ODW (KSx), 2018 WL 1989528, at \*3–4 (C.D. Cal. Apr. 24, 2018). In the Court's view, this framework runs contrary to the plain text of § 1441(b)(1) and the explicit instruction of the Ninth Circuit. However, the Court notes that here, even using such a framework, Plaintiffs' generic and conclusory allegations provide no specifics regarding Doe defendants' identity, citizenship, or relationship to the action. *See Johnson*, 475 F. Supp. 3d at 1083. Thus, the citizenship of the Doe defendants still would not be considered here, even under this contrary framework.

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |